**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jimmy FERNANDEZ, Defendant–**
**Appellant.**

No. 99–50792.

United States Court of Appeals,
Ninth Circuit.

Submitted May 11, 2001 **.

Decided May 16, 2001.

Fed. R.App. P. 34(a)(2).

Before McKEOWN, FISHER and HAGEN,*** Circuit Judges.

MEMORANDUM *

Fernandez appeals his sentence of sixty months imposed for violation of terms of his supervised release. He argues that the district judge should have recused herself because she was exposed to extrajudicial information that was not disclosed to the defense prior to the first revocation hearing, and because her evidentiary rulings allegedly demonstrated bias. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review for abuse of discretion the denial of a recusal motion. *Leslie v. Grupo ICA,* 198 F.3d 1152 (9th Cir.1999) (citing *United States ex rel. Hochman v. Nackman,* 145 F.3d 1069 (9th Cir.1998)).

Fernandez claims that because Judge Baird reviewed the letter from the therapist prior to the first revocation hearing and because she took it into account in her original sentencing decision, the letter constitutes extrajudicial evidence requiring recusal. *See Liteky v. United States,* 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). Once Fernandez's motion for reconsideration was granted, the sentence was vacated, the letter was provided to the parties, and the letter was considered in the context of an adversarial hearing, any earlier error was rectified. Evidence properly admitted in the course of judicial proceedings cannot constitute an extrajudicial source for the purposes of those same proceedings. *Leslie,* 198 F.3d at 1160. Nothing in the record indicated that the

*** Honorable David Warner Hagen, United States District Judge for the United States District Court for Nevada, sitting by designation.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

sentencing judge could not approach the new revocation hearing in "a fair, impartial and objective manner." Indeed, Judge Baird's forthright acknowledgment that she had erred in considering the letter at the first revocation hearing is itself evidence of lack of bias on her part.

Fernandez next alleges that various evidentiary rulings made by Judge Baird in the second revocation hearing demonstrate that her "impartiality might reasonably be questioned," thus requiring recusal. 28 U.S.C. § 455. This standard is met only if the judge's trial conduct displays "deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555, 114 S.Ct. 1147. Fernandez has not met *Liteky's* high standard with respect to bias. All the evidentiary rulings he cites on appeal as evidence of bias relate to the government attorney's multiple objections to obviously leading questions posed by Fernandez's counsel, which were sustained by the court. These were run-of-the-mill rulings on routine objections; there is no hint that the court was improperly attempting to limit counsel's ability to present relevant evidence. On the contrary, Judge Baird went so far as to suggest to Fernandez's counsel ways in which he might reword questions in order to avoid objections.

A review of the hearing transcript reveals that at no point did Judge Baird display a lack of courtesy to counsel or behave in any way that could reasonably be perceived as a display of bias.

AFFIRMED.